676 N.W.2d 625 (2004)
PEOPLE of the State of Michigan, Plaintiff-Appellant,
v.
Michael SCHIEDA, Defendant-Appellee.
Docket No. 125179, COA No. 241665.
Supreme Court of Michigan.
April 2, 2004.
On order of the Court, the application for leave to appeal the October 30, 2003 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.
CORRIGAN, C.J., dissents and states as follows:
I respectfully dissent from the order denying leave to appeal. The circuit court and Court of Appeals failed to give effect to the plain meaning of MCL 750.136b. Because defendant's bindover for second-degree child abuse was proper under that statute, I would reverse the decisions of the lower courts and reinstate the charge against defendant.
While defendant was away from home, his son and three of his son's friends, all aged 16 or 17, discovered defendant's gun in a drawer under the couch. It is disputed whether the boys knew that the gun was loaded. While handling the gun, defendant's *626 son pulled the trigger, and a bullet struck one of his friends, causing serious injury.
The prosecutor charged defendant with second-degree child abuse, MCL 750.136b(3). That statute provides:
A person is guilty of child abuse in the second degree if any of the following apply:
(a) The person's omission causes serious physical harm or serious mental harm to a child or if the person's reckless act causes serious physical harm to a child.

(b) The person knowingly or intentionally commits an act likely to cause serious physical or mental harm to a child regardless of whether harm results.
(c) The person knowingly or intentionally commits an act that is cruel to a child regardless of whether harm results. [Emphasis added.]
In the above section, the word "person" is defined as
a child's parent or guardian or any other person who cares for, has custody of, or has authority over a child regardless of the length of time that a child is cared for, in the custody of, or subject to the authority of that person. [MCL 750.136b(1)(d).]
At defendant's preliminary examination, defense counsel argued that second-degree child abuse requires that a defendant have some sort of control or custody over the victim. Counsel contended that the prosecutor failed to present evidence that defendant had any knowledge that the boys were at his house, that they had permission to be there, or that defendant possessed any authority over the boys during that time. The district court bound defendant over because defendant owned the house and thus had control over what happened at the house.
In the circuit court, defendant filed a motion to quash the bindover on the basis of the above argument. The circuit court granted defendant's motion, concluding that defendant's ownership of the house was insufficient to establish the "care, custody, or control" element.
The Court of Appeals affirmed, agreeing with the circuit court that defendant did not meet the definition of "person" under MCL 750.136b(1)(d). The Court stated that the Legislature intended that a "person" under the statute "must be someone who has exercised authority or control over the child alleged to have been subject to abuse at the time the abuse is alleged to have occurred." The Court concluded that the prosecutor presented no evidence that defendant had custody of, or authority over, the victim of the shooting.
The circuit court and the Court of Appeals have interpreted the statute at odds with its plain language. Both courts have read words into the statute that are not there. They read MCL 750.136b(1)(d) and MCL 750.136b(3) as requiring that a defendant have authority over the child alleged to have been subject to abuse. A person is guilty under 750.136b(3), however, if his "reckless act causes serious physical harm to a child." The statute does not require that the child be one over whom the defendant has authority. Moreover, MCL 750.136b(1)(d) requires only that a "person" be one who "cares for, has custody of, or has authority over a child." That subsection does not require that the child be the same child alleged to have suffered abuse. Thus, defendant is a "person" under MCL 750.136b(1)(d) because he cares for, has custody of, and authority over a child, i.e., his son. Because defendant *627 meets the definition of "person" under MCL 750.136b(1)(d), and his reckless act of leaving his gun within the reach of his teenage son and his son's friends caused serious physical harm to a child, the district court properly bound defendant over on a charge of second-degree child abuse. Accordingly, I would reverse the decision of the Court of Appeals and reinstate the charge against defendant.
MARKMAN, J., would grant leave to appeal.